IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CHRISTOPHER RYAHN DEHUT,   )<br>                               )<br>        Plaintiff,             )<br>                               )<br>v.                             )       Case No. CIV-25-585-PRW<br>                               )<br>DEL CITY                       )<br>POLICE DEPARTMENT, *et al.*,   )<br>                               )<br>        Defendants.            )   | |

## **ORDER**

Before the Court is United States Magistrate Judge Shon Erwin's Report and Recommendation (Dkt. 16), which recommends that the Court grant Defendants' Motion to Dismiss (Dkt. 10). Plaintiff timely objected (Dkt. 17), and Defendant responded to Plaintiff's Objection (Dkt. 19). For the reasons given below, the Court **ADOPTS** Judge Erwin's Report and Recommendation (Dkt. 16) and **GRANTS** the Motion to Dismiss (Dkt. 10).

### *Background*

This is a 42 U.S.C. § 1983 action. Plaintiff alleges that he was falsely arrested and detained for three years by Del City police officers and that he was subject to unconstitutional conditions of confinement.[1] This action was originally brought in the Oklahoma County district court but was removed to this Court by Defendants on May 30, 2025. The Board filed a Motion to Dismiss (Dkt. 10) on June 13, 2025, arguing that (1)

---

[1] Compl. (Dkt. 1, Ex. 2), at 2.

Defendant Del City Police Department is not capable of being sued and (2) Plaintiff failed to sufficiently state facts against each Defendant in his Complaint. Judge Erwins recommends that the Court grant the Motion.

### *Legal Standard*

The Court must "determine de novo any part of the magistrate judge's disposition that has been properly objected to."[2] An objection is "proper" if it is both timely and specific.[3] A specific objection "enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute."[4] Additionally, "[a]n 'objection' that merely reargues the underlying motion is little different than an 'objection' that simply refers the District Court back to the original motion papers; both are insufficiently specific to preserve the issue for de novo review."[5] In the absence of a proper objection, the district court may review a magistrate judge's recommendation under any standard it deems appropriate.[6]

### *Analysis*

Judge Erwin first recommends that the Court dismiss Plaintiff's claims against the Del City Police Department with prejudice, as the Police Department, under Oklahoma

---

[2] Fed. R. Civ. P. 72(b)(3).

[3] *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1059 (10th Cir. 1996).

[4] *Id.* (citation and internal quotation marks omitted).

[5] *Vester v. Asset Acceptance, L.L.C.*, No. 1:08-cv-01957-MSK-LTM, 2009 WL 2940218, at *8 (D. Colo. Sept. 9, 2009) (citing *One Parcel of Real Prop.*, 73 F.3d at 1060).

[6] *Summers v. State of Utah*, 927 F.2d 1165, 1167–68 (10th Cir. 1991).

law, does not exist separately from the City itself and is thus not subject to suit under § 1983.[7] Plaintiff does not dispute this in his Objection.

Judge Erwin then recommends dismissal for Plaintiff's failure to specify a single individual who personally participated in his alleged constitutional deprivations. Indeed, in reviewing the Complaint, Plaintiff does not name any individual defendants in his statement of facts, instead simply mentioning "Del City Police[.]"[8] Plaintiff objects, first seeming to argue that because they were named in the case caption, that resulted in proper notice to the parties. As Judge Erwin pointed out, that is not sufficient.[9] Plaintiff then attempts to cure this deficiency by providing a more detailed statement of facts, but this will not defeat Defendants' Motion to Dismiss (Dkt. 10).[10] Plaintiff will have an opportunity to cure the shortcomings of his Complaint when he amends it.

Judge Erwin identified several other bases for dismissal in his Report and Recommendation, but because the Court adopts Judge Erwin's findings as to Plaintiff's failure to specify the personal participation of any Defendants in Plaintiff's alleged constitutional violations is sufficient to grant the Motion, the Court stops there.

---

[7] R&R (Dkt. 16), at 6.

[8] Compl. (Dkt. 1, Ex. 2), at 2.

[9] R&R (Dkt. 16), at 6 (citing *Novitsky v. City of Aurora*, 491 F.3d 1244, 1254 (10th Cir. 2007)).

[10] *Jojola v. Chavez*, 55 F.3d 488, 494 (10th Cir. 1995) ("It is well-established, however, that in determining whether to grant a motion to dismiss, the district court, and consequently this court, are limited to assessing the legal sufficiency of the allegations contained within the four corners of the complaint.")

3

*Conclusion*

Accordingly, the Court **ADOPTS** the Report and Recommendation (Dkt. 16) to the extent it recommends dismissal based on Plaintiff's failure to plead facts showing each Defendant's personal participation and declines to address the R&R's alternative grounds for dismissal at this time. Further, the Court **GRANTS** the Board's Motion to Dismiss (Dkt. 10) **WITHOUT PREJUDICE** and **DISMISSES** Defendant Del City Police Department from this action **WITH PREJUDICE**. Plaintiff may file an amended complaint within fourteen days of the entry of this Order.

**IT IS SO ORDERED** this 17th day of December 2025.

PATRICK R. WYRICK
UNITED STATES DISTRICT JUDGE