**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| CHRISTOPHER RYAHN DEHUT,<br><br>Plaintiff,<br><br>v.<br><br>DEL CITY<br>POLICE DEPARTMENT, *et al.*,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. CIV-25-585-PRW |

**ORDER**

Before the Court are Defendants' City of Del City, Del City Police Department, Officers Matthew Colson, Christopher Greggs and J. Randolph's Motion to Dismiss and Brief in Support (Dkt. 29); Plaintiff's Motion to Strike Defendants' Motion to Dismiss (Dkt. 32); Plaintiff's Motion for Sanctions Against Defense Counsel (Dkt. 39); and Defendants' City of Del City and Officers Colson, Griggs, and Randolph's Motion to Strike Plaintiff's Filing at Dkt. 41 (Dkt. 42). These matters are fully briefed and ripe for review. For the reasons that follow, the Court **GRANTS** the Motion to Dismiss (Dkt. 29) and **DENIES** the remaining motions.

***Background***

This is a 42 U.S.C. § 1983 action. Pro se Plaintiff Christopher DeHut has filed a prolix yet factually sparse 55-page Amended Complaint (Dkt. 28) that alleges violations of nearly every Amendment in the Bill of Rights against a variety of state and municipal officers in Del City, Oklahoma. As best the Court can tell, Plaintiff alleges that he was falsely arrested and detained for three years by Del City police officers and was subject to

unconstitutional conditions of confinement following an alleged sexual assault. At some point, Plaintiff was found not guilty by reason of insanity. Defendants now move to dismiss under Federal Rule of Civil Procedure 12(b)(6).

## *Legal Standard*

In reviewing a Rule 12(b)(6) motion to dismiss, the Court must satisfy itself that the pleaded facts state a claim that is plausible.[1] All well-pleaded allegations in a complaint must be accepted as true and viewed "in the light most favorable to the plaintiff."[2] Additionally, the Court must "draw all reasonable inferences in favor of the non-moving party[.]"[3] While factual allegations are taken as true, a court need not accept mere legal conclusions.[4] "Labels and conclusions" or "a formulaic recitation of the elements of a cause of action" are not enough to state a claim.[5]

"A pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers."[6] Courts should not, however, "assume the role of advocate for the pro se litigant.[7] And the broad construction of a pro se plaintiff's

[1] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

[2] *Alvarado v. KOB–TV, L.L.C.*, 493 F.3d 1210, 1215 (10th Cir. 2007) (quoting *David v. City & Cnty. of Denver*, 101 F.3d 1344, 1352 (10th Cir. 1996)).

[3] *Doe v. Woodard*, 912 F.3d 1278, 1285 (10th Cir. 2019) (citation omitted).

[4] *Khalik v. United Air Lines*, 671 F.3d 1188, 1190–91 (10th Cir. 2012).

[5] *Id.* (internal quotation marks omitted) (quoting *Twombly*, 550 U.S. at 555).

[6] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (citations omitted).

[7] *Id.*

complaint "does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based."[8] Because a pro se plaintiff "requires no special legal training to recount the facts surrounding his alleged injury," his pro se status does not overcome the rule that "conclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based."[9]

Plaintiffs are not required to set forth a prima facie case in their complaint.[10] Plaintiffs are, however, required to set forth plausible claims, so in determining whether a claim is plausible, the elements of a prima facie case are helpful.[11]

## *Analysis*

### I. Plaintiff's Amended Complaint (Dkt. 28) does not comply with Rule 8.

Plaintiff has filed a sprawling Amended Complaint (Dkt. 28) that names eight defendants and contains thirteen counts, ranging from violations of the Fourth Amendment's protections against unreasonable searches and seizures to allegations of racketeering. Plaintiff generally fails to connect each alleged constitutional deprivation to a specific defendant, and he misunderstands the constitutional protections he seeks to vindicate, as well as various immunity doctrines he seeks to rebut. Accordingly, because

---

[8] *Id.*

[9] *Id.* (citations omitted).

[10] *Khalik v. United Air Lines*, 671 F.3d 1188, 1192 (10th Cir. 2012).

[11] *Id.*; *see Frappied v. Affinity Gaming Black Hawk, LLC*, 966 F.3d 1038, 1054 (10th Cir. 2020); *Morman v. Campbell Cnty. Mem'l Hosp.*, 632 F. App'x 927, 933 (10th Cir. 2015).

of the length of Plaintiff's Amended Complaint (Dkt. 28), the Court will briefly dispatch with each inadequate claim. Plaintiff will be permitted to file another amended complaint.

**2. Plaintiff has failed to state claims upon which relief can be granted.**

**A. *Monell* and Respondeat Superior Claims**

Plaintiff's *Monell* claim against Del City fails because he has not properly alleged facts showing that his claimed injuries resulted from any city policy or custom. In order to hold Del City vicariously liable for its officers' actions, Plaintiff must show "1) the existence of a municipal policy or custom and 2) a direct causal link between the policy or custom and the injury alleged."[12] For purposes of § 1983, a custom is "an act that, although not formally approved by an appropriate decision maker, has such widespread practice as to have the force of law."[13] In addition to being widespread, such acts must be "continuing" and "persistent."[14] Failures to allege the existence of similar unconstitutional behavior "as to others seriously undermines" a plaintiff's claim that a municipality maintained a custom perpetuating constitutional violations.[15]

---

[12] *Graves v. Thomas*, 450 F.3d 1215, 1218 (10th Cir. 2006) (citing *City of Canton v. Harris*, 489 U.S. 378, 385 (1989)).

[13] *Carney v. City and Cnty. of Denver*, 534 F.3d 1269, 1274 (10th Cir. 2008) (quoting *Marshall v. Columbia Lea Reg'l Hosp.*, 345 F.3d 1157, 1177 (10th Cir. 2003) (internal quotation marks omitted)).

[14] *Id.* (quoting *Gates v. Unified Sch. Dist. No. 449*, 996 F.2d 1035, 1041 (10th Cir. 1993) (internal quotation marks omitted)).

[15] *See Randle v. City of Aurora*, 69 F.3d 441, 447 (10th Cir. 1995) (collecting cases).

Plaintiff's *Monell* claim simply lists grievances related to his arrest. He has not alleged any facts that show any other individual has been subject to unconstitutional behavior.

The one specific policy to which Plaintiff points that allegedly encourages unconstitutional behavior is the Del City Policy Department's policy statement on sexual assault investigations. According to Plaintiff, the Department pledges to "aggressively investigate sexual assaults."[16] Plaintiff construes this to mean that the Department "authorizes aggressive investigative practices in sexual assault cases that compromise the Sixth Amendment rights of confrontation and counsel[.]"[17] Plaintiff's interpretation of the policy is absurd. It cannot be reasonably construed to authorize unconstitutional practices, but rather to signal that the Department takes sexual assault allegations seriously. Further, Plaintiff does not explain what practices this policy authorizes that do violate anyone's Sixth Amendment rights.

Additionally, Plaintiff seeks relief against Del City under a respondeat superior theory, too. It is well established that municipalities "cannot be held liable under § 1983 on a respondeat superior theory."[18] For these reasons, Plaintiff's *Monell* and respondeat superior claims fail.

**B. False Arrest Claims**

---

[16] Am. Compl. (Dkt. 28), at 7.

[17] *Id*.

[18] *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 691 (1978).

Plaintiff asserts separate Fourth and Eighth Amendment violations resulting from allegedly being subject "to unlawful and extended confinement"[19] and false arrest. Plaintiff brings these claims against an assortment of police officers and Del City. As previously stated, Plaintiff has failed to allege any policy or custom, so his claim as to Del City fails.

The Fourth Amendment governs claims challenging pretrial detention.[20] Plaintiff states in conclusory fashion that he was arrested without probable cause, based on false affidavits and narratives. Plaintiff does not explain what these false affidavits and narratives alleged or how they were false, and he does not even state what occurred before his arrest. "Probable cause exists where the facts and circumstances within an officer's knowledge and of which he had reasonably trustworthy information are sufficient to warrant a prudent man in believing that an offense has been or is being committed."[21] The Court considers the totality of the circumstances to determine whether officers had probable cause at the time they effectuated warrantless arrests.[22] Plaintiff's conclusory statements make such a determination impossible here.

Further, Plaintiff seeks to hold Del City and his arresting officers liable for his post-arrest detention, wherein he was allegedly transferred to the Oklahoma Forensic Center at some point after being found not guilty by reason of insanity, which Plaintiff also

---

[19] Am. Compl. (Dkt. 28), at 7.

[20] *Manuel v. City of Joliet*, 580 U.S. 357, 364–65 (2017).

[21] *Karr v. Smith*, 774 F.2d 1029, 1031 (10th Cir. 1985) (citing *United States v. Miller*, 532 F.2d 1335, 1337 (10th Cir. 1976)).

[22] *Frey v. Town of Jackson*, 41 F.4th 1223, 1233 (10th Cir. 2022).

challenges as unlawful. The arresting officers cannot be held liable for Plaintiff's extended post-arrest detention, as any preliminary hearing "broke the chain of causation" between Plaintiff's allegedly unlawful arrest and his later detention.[23] Accordingly, Plaintiff has failed to state claims for false arrest or unlawful detention.

### C. *Miranda* Claim

Plaintiff next brings a *Miranda* claim, alleging that he was not read his *Miranda* rights after his arrest. *Miranda* is only triggered when a suspect is subject to custodial interrogation.[24] Plaintiff never alleges that he was interrogated, and he never alleges that any statements were offered against him at trial. It's not even clear that there was a trial, as Plaintiff represents that the charges against him were dropped at some point. Accordingly, Plaintiff has no *Miranda* claim.

### D. Sixth Amendment Violations

Plaintiff claims in conclusory fashion that Defendants violated his right to counsel and his right to confront his accusers. He alleges no facts specific to him indicating how any Defendant violated any of his Sixth Amendment rights, other than through the adoption of the previously-discussed Del City Police Department sexual assault investigation policy. Plaintiff has failed to state a Sixth Amendment claim.

### E. Excessive Force Claim

---

[23] *Taylor v. Meacham*, 82 F.3d 1556, 1564 (10th Cir. 1996).

[24] *United States v. Chee*, 514 F.3d 1106, 1112 (10th Cir. 2008).

Plaintiff appears to raise an excessive force claim relating to one of his arrests. However, he simply alleges that unnamed officers used "double handcuffs behind the back on a compliant arrestee."[25] It is unclear to the Court what Plaintiff means by "double handcuffs."

The Fourth Amendment protects against the use of excessive force in effectuating arrests.[26] In order to properly plead an excessive force claim, Plaintiff first must show that Defendants acted unreasonably under the circumstances.[27] The Court balances "the nature and quality of the encroachment on the individual's Fourth Amendment interests against the government's countervailing interests" when determining if the use of force was reasonable.[28] Further, the Court conducts the inquiry from the perspective of a reasonable responding officer, "rather than with the 20/20 vision of hindsight."[29] The Court considers, among other factors, (1) the seriousness of the suspected crime, (2) whether the suspect posed an immediate threat to responding officers, and (3) the degree to which the suspect resisted arrest or attempted to flee.[30]

The Amended Complaint (Dkt. 28) is devoid of allegations needed to plead an excessive force claim. While Plaintiff alleges he was compliant, he provides no allegations

---

[25] Am. Compl. (Dkt. 28), at 8.

[26] *Henry v. Storey*, 658 F.3d 1235, 1239 (10th Cir. 2011).

[27] *Id.* at 1242.

[28] *Id.* at 1239 (quoting *Lundstrom v. Romero*, 616 F.3d 1108, 1126 (10th Cir. 2010)) (internal quotation marks omitted).

[29] *Id.* (quoting *Sturdivan v. Murr*, 511 F.3d 1255, 1259 (10th Cir. 2008)) (internal quotation marks omitted).

[30] *Id.* (citing *Lundstrom*, 616 F.3d at 1126).

to grade the use of force in comparison to that which was necessary—meaning the Amended Complaint (Dkt. 28) does not explain any events prior to the arrest, such as whether Plaintiff tried to avoid contact with the police and why he was stopped in the first place. Further, Plaintiff does not provide any explanation as to how the handcuffing procedure used by police caused him any injury. Handcuffs placed while a suspect's hands are behind his back is standard practice. Plaintiff has thus failed to state an excessive force claim.

**F. Malicious Prosecution Claim**

Plaintiff next asserts a claim against Defendants for malicious prosecution, alleging that they pursued a criminal prosecution against him based on "fabricated, incomplete, and misleading evidence."[31] Plaintiff alleges that he was charged with rape, oral sodomy, and sodomy against victim T.L. He claims that T.L. used false names, listed false addresses, and gave contradictory statements to police investigating the charges against Plaintiff. Plaintiff does not explain which false names or addresses T.L. provided to police or how they related to the investigation, and he does not provide any examples of T.L.'s contradictory statements.

The elements of a malicious prosecution case are: "(1) the defendant caused the plaintiff's continued confinement or prosecution; (2) the original action terminated in favor

[31] Am. Compl. (Dkt. 28), at 25.

of the plaintiff; (3) no probable cause supported the arrest, confinement, or prosecution; (4) the defendant acted maliciously; and (5) the plaintiff sustained damages."[32]

Plaintiff has provided no non-conclusory facts to determine whether there was probable cause supporting his arrest, confinement, and prosecution. The Court cannot examine the lack of probable cause that led to Plaintiff's initial arrest since Plaintiff has failed to recount any basis on which the officers relied when initially investigating him.

**G. Speedy Trial Clause Violation**

Plaintiff then asserts a claim under the Speedy Trial Clause, alleging that he was held in pretrial detention for three years without being brought to trial. Plaintiff does not provide any meaningful timeline for his pretrial detention. Plaintiff states throughout the Amended Complaint (Dkt. 28) that he was adjudged not guilty by reason of insanity, and it appears that he underwent a competency review before the charges against him were dismissed. Because confinement to a mental institution to determine competency to stand trial does not implicate the Speedy Trial Clause,[33] Plaintiff's failure to allege how long he was detained while not pending a competency hearing is fatal to his claim.

**H. Deprivation of a Jury Trial**

Plaintiff then asserts he was found not guilty by reason of insanity without first arguing his case to a jury. Plaintiff has also alleged, however, that he was never brought to trial and that the charges against him were dismissed. Plaintiff does provide what appears

[32] *Shrum v. Cooke*, 60 F.4th 1304, 1310 (10th Cir. 2023) (citing *Wilkins v. DeReyes*, 528 F.3d 790, 799 (10th Cir. 2008)).

[33] *See Johnson v. United States*, 333 F.2d 371, 374 (10th Cir. 1964).

to be a screenshot of an OSCN docket, which shows multiple competency hearings were held before the charges against him were dismissed.

Defendants failed to respond to this allegation and did not attempt to clarify any of the factual discrepancies in the record. However, because the record does not support a finding that any state court decided the merits of Plaintiff's charges, Plaintiff cannot bring a claim for deprivation of a jury trial.

**G. Conditions of Confinement Claim**

Plaintiff then alleges in conclusory fashion that he was subject to unconditional conditions of confinement during his pretrial detention period. This claim is brought against Del City, the Del City Police Department, unnamed detention officials, and associated policymakers. Without specifying when, where, or perpetrators, Plaintiff alleges that he experienced periods of prolonged neglect, physical assaults, and denials of medical and mental health care. He further alleges he was "denied proper hygiene, forced into extended solitary confinement, subjected to starvation-level food deprivation, and exposed to verbal and psychological abuse."[34]

The Constitution requires detention facilities to "provide humane conditions of confinement . . . [by] ensur[ing] that inmates received adequate food, clothing shelter, and medical care" and "tak[ing] reasonable measures to guarantee the safety of the inmates."[35] To hold a prison official liable for an Eighth Amendment violation, Plaintiff must show (1)

[34] Am. Compl. (Dkt. 28), at 36.

[35] *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (internal quotation marks omitted).

that the deprivation "result[ed] in the denial of the minimal civilized measure of life necessities,"[36] and that the official had a "sufficiently culpable state of mind[,]"[37] meaning "one of deliberate indifference."[38] "An inquiry into conditions of confinement by necessity relies on the particular facts of each situation; the circumstances, nature, and duration of the challenged conditions must be carefully considered."[39] Not one single factor controls for conditions of confinement claims, but length of exposure to constitutionally deficient conditions "is often of prime importance."[40] Essentially, the severity of improper conditions is inversely related to the acceptable amount of time an inmate may be exposed to them.[41]

Plaintiff has failed to state an Eighth Amendment claim. He has failed to provide sufficient facts to allow the Court to weigh his allegedly deficient conditions of conferment against the amount of time to which he was subjected to them. He further has failed to demonstrate that the jail was unconstitutionally unhygienic or that his alleged term of solitary confinement was unconstitutionally prolonged. Nor does Plaintiff explain what physical and mental health treatment was denied to him.

---

[36] *Id.* at 834 (quoting *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981) (internal quotation marks omitted)

[37] *Id.* (quoting *Wilson v. Seiter*, 501 U.S. 294, 297 (1991) (internal quotation marks omitted).

[38] *Id.* (quoting *Wilson*, 501 U.S. at 302–03) (internal quotation marks omitted).

[39] *DeSpain v. Uphoff*, 264 F.3d 965, 974 (10th Cir. 2001) (citing *Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir. 2000)) (internal quotation marks omitted).

[40] *Id.*

[41] *Id.* (citing *Johnson*, 217 F.3d at 732).

Finally, Plaintiff has failed to allege any facts demonstrating that unnamed jail officials were deliberately indifferent to the abuses he claims to have suffered while detained. Importantly, Plaintiff does not allege whether jail officials responsible for his wellbeing were on notice of allegedly constitutionally deficient conditions of release. Plaintiff claims to have filed grievances, but he does not state to whom or when.

Plaintiff has thus failed to properly plead an Eighth Amendment claim.

**H. Claims Against State Court Judges**

Plaintiff brings a variety of claims against two judges who presided over his case at different times. Plaintiff asserts that the judges continued unspecified hearings without legal justification, ignored Plaintiff's constitutional objections, and permitted extended pretrial detention without meaningful review.

Absolute immunity shields judges from liability for acts they perform in their judicial capacity.[42] To overcome judicial immunity, Plaintiff must show either that the complained-of acts occurred outside the judges' judicial capacities or "though judicial in nature, were taken in the complete absence of all jurisdiction."[43] Plaintiff does not plead that the judges acted outside their judicial capacity in this case. Further, there are no facts to suggest that the judges acted in complete absence of all jurisdiction, as Plaintiff appears to complain that the judges simply ruled on legal questions in an unsatisfactory manner.

---

[42] *Ward v. Fisher*, 2025 WL 1012868, at *3 (10th Cir. Apr. 1, 2025) (quoting *Dahl v. Charles F. Dahl, M.D., P.C. Defined Benefit Pension Tr.*, 744 F.3d 623, 680 (10th Cir. 2014) (internal quotations omitted)).

[43] *Stein v. Disciplinary Bd. of Supreme Court of N.M.*, 520 F.3d 1183, 1195 (quoting *Mireles v. Waco*, 502 U.S. 9, 9–10 (1991)) (internal quotation marks omitted).

The allegations neither overcome judicial immunity nor do they state any due process claims.

### I. Civil Conspiracy Claim

To state a claim for civil conspiracy, Plaintiff must allege deprivations of constitutional rights and the elements of a conspiracy.[44] Plaintiff must also plead "at least a combination of two or more persons acting in concert and an allegation of a meeting of the minds, an agreement among the defendants, or a general conspiratorial objective."[45] Plaintiff must allege specific facts which show that the defendants had an agreement and engaged in concerted action.[46]

Plaintiff alleges in conclusory fashion that Defendants "entered into a tacit agreement to unlawfully detain, silence, and discredit Plaintiff while insulating each other from accountability."[47] Plaintiff alleges that the conspiracy is evidenced through coordinated actions taken by Defendants.

Plaintiff provides no facts that demonstrate Defendants had a meeting of the minds that resulted in any sort of agreement. Rather, Plaintiff points to run-of-the-mill collective action taken by police officers to investigate and detain a suspect. Plaintiff provides no

---

[44] *Snell v. Tunnell*, 920 F.2d 673, 701 (10th Cir. 1990) (quoting *Earle v. Benoit*, 850 F.2d 836, 844–46 (1st Cir. 1988)).

[45] *Brooks v. Gaenzle*, 614 F.3d 1213, 1227–28 (10th Cir. 2010) (abrogated by *Torres v. Madrid*, 592 U.S. 306 (2021)) (collecting cases).

[46] *Id.* (quoting *Tonkovich v. Kan. Bd. of Regents*, 159 F.3d 504, 533 (10th Cir. 1998)).

[47] Am. Compl. (Dkt. 28), at 46.

evidence that officers conspired before any arrest to plan to deprive Plaintiff of his constitutional rights.

Aside from his arrest, the only other collective action Plaintiff alleges is that Defendants colluded to maintain his three-year confinement and to impose his status of not guilty by reason of insanity without a hearing. Plaintiff does explain how the Defendants worked together to effectuate any of these objectives. Plaintiff has accordingly failed to plead a civil conspiracy to violate his constitutional rights.

### J. RICO Claim

Finally, Plaintiff brings a RICO claim under 18 U.S.C. § 1964(c) against all Defendant police officers and Del City. Plaintiff alleges that Defendants "functioned as an association-in-fact for the purpose of silencing, detaining, and discrediting Plaintiff while protecting institutional actors from accountability."[48] Plaintiff goes on to allege that the predicate crimes were (1) obstruction of justice related to the fabrication of affidavits, suppression of exculpatory evidence, manipulation of Plaintiff's not guilty by reason of insanity status to prevent a trial, and violations of his Confrontation Clause rights; (2) mail and wire fraud related to transmission of false reports; (3) witness tampering resulting from preventing Plaintiff from confronting T.L.; (4) extortion and coercion related to Plaintiff's not guilty by reason of insanity status and deprivations of liberty and livelihood while detained; and (5) witness and victim retaliation related to suppression of Plaintiff's unspecified grievances, motions, and oral objections.

---

[48] *Id.* at 49.

To state a claim under RICO, Plaintiff must plausibly allege that Defendants "each (1) conducted the affairs (2) of an enterprise (3) through a pattern (4) of racketeering activity."[49]

Plaintiff has failed to plead a RICO claim. His claim is deficient on multiple fronts, but as a preliminary matter Plaintiff has failed to plead any plausible facts demonstrating that Defendants operated as a continuing unit.[50] Rather, the only coordinated actions Plaintiff alleges is that some of the officers acted together to fabricate evidence. Instead, because the legal system produced results Plaintiff disliked, he has attempted to reframe the actors involved in his case as belonging to racketeering organization, but he has alleged no facts which demonstrate that any Defendant acted outside his normal and expected function.

Plaintiff has also failed to allege the elements of any of the underlying predicate crimes. Plaintiff has simply stated in conclusory fashion that each predicate crime was committed. Plaintiff has thus failed to state a RICO claim.

***Conclusion***

For these reasons, the Court **GRANTS** Defendants' Motion to Dismiss (Dkt. 29). The Court **DENIES** Plaintiff's Motion to Strike (Dkt. 32) and Plaintiff's Motion for

---

[49] *George v. Urb. Settlement Servs.*, 833 F.3d 1242, 1248 (10th Cir. 2016) (citing 18 U.S.C. § 1962 (c)).

[50] *See Lynn v. Brown*, 803 F. App'x 156, 160–61 (10th Cir. 2020) (citing *Boyle v. United States*, 556 U.S. 938, 944–45 (2009)).

Sanctions (Dkt. 39). The Court **DENIES** as moot Defendants' Motion to Strike (Dkt. 42). Plaintiff may file another amended complaint on or before October 23, 2026.

**IT IS SO ORDERED** this 23rd day of September 2026.

PATRICK R. WYRICK
UNITED STATES DISTRICT JUDGE